UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA MORRISON, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV798 JCH |
| ) | |
| SPERIAN PROTECTION, SPERIAN ) | |
| RESPIRATORY PROTECTION USA, ) | |
| LLC, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand Case to State Court Pursuant to 28 U.S.C. § 1447(c), filed June 22, 2009. (Doc. No. 22). The matter is fully briefed and ready for disposition.

## **BACKGROUND**

Plaintiffs originally filed a product liability wrongful death action against Defendants Sperian Protection, Sperian Respiratory Protection USA, LLC ("Sperian/Survivair")[1] and Colt Safety, Inc. ("Colt"), on November 9, 2004, in the Circuit Court of the City of St. Louis (the "Underlying Action"). (Plaintiffs' Petition for Fraud ("Complaint" or "Compl."), ¶¶ 2-3, 5-7). According to Plaintiffs, their theory of liability in the Underlying Action was that, "the defendants had sold the St. Louis Fire Department a PASS device, that the device was unreasonably dangerous and defective in that it was designed and manufactured in a manner that resulted in the failure of the device to produce an audible alarm, that the device failed to sound its alarm on account of that defect on the occasion

---

[1] Sperian/Survivair is a corporation engaged in the design, manufacture, marketing, distribution, sale, and servicing of integrated PASS (Personal Alert Safety System) devices, through its Survivair division. (Compl., ¶ 2).

of Mr. Morrison's death, and that alarm failure caused Mr. Morrison's death by preventing other firefighters from locating and rescuing him." (Id., ¶ 16). Plaintiffs sought both actual and punitive damages. (Id.). Plaintiffs allege Defendant Sperian/Survivair and its counsel[2] repeatedly represented throughout the discovery process and the trial of the Underlying Action that they had no knowledge of any incident when an activated Survivair PASS device had failed to sound an audible alarm after activation. (Id., ¶ 17).

Trial commenced in the Underlying Action in the fall of 2006. During the trial, Defendant Sperian/Survivair's defense was premised substantially upon the absence of proof that Mr. Morrison's PASS device had failed (and affirmative evidence that it had not failed), as well as evidence that water intrusion into the electronic circuitry of the PASS device would not cause it to fail, but instead to go into alarm and not shut off. (Compl., ¶ 18 and Sperian/Survivair's Answer thereto). During the trial, the State Court Judge held Plaintiffs had not adduced evidence sufficient to warrant the submission of their punitive damages claim to the jury. (Compl., ¶ 19). On October 11, 2006, while the jury was deliberating upon the case, the parties reached a settlement. (Id., ¶ 20).

In the instant Complaint, filed in the Circuit Court of the City of St. Louis on or about April 23, 2009, Plaintiffs allege they subsequently learned through the course of proceedings and trial of a related case in 2007, and through Plaintiffs' counsel's post-trial examination of documents generated by that litigation and documents produced pursuant to court order during post-trial proceedings in the Underlying Action, that, "prior to the commencement and during the active discovery proceedings in *Morrison's* underlying wrongful death case the defendants had been aware of repeated instances in which Sperian/Survivair PASS devices had failed to sound appropriate alarms

---

[2] Defendants Sperian/Survivair and Colt were represented by the same counsel throughout the Underlying Action. (Compl., ¶¶ 6-7).

- 2 -

after activation." (Compl., ¶ 22). Plaintiffs thus allege they were fraudulently induced to accept the terms of the settlement by, among other things, the absence of any reported incidents of failure to alarm after activation, and "the steadfast representations of the defendants and their counsel--to the plaintiffs, their counsel, the Court, and the jury--that the defendant knew of no prior instance in which the defendants' PASS devices failed to sound an appropriate alarm." (Id., ¶ 21).

Defendants removed Plaintiffs' action to this Court on May 22, 2009, asserting diversity of citizenship. (Notice of Removal, Doc. No. 1). In their Notice of Removal, Defendants acknowledge that both Plaintiffs and Defendant Colt are citizens of Missouri for purposes of diversity, but insist the case nonetheless is removable to federal court because Colt fraudulently was joined as a Defendant. (Id., ¶¶ 9, 11). Shortly after removing the case to this Court, Defendants filed a Motion to Dismiss Colt for Fraudulent Joinder. (Doc. No. 10).

As stated above, Plaintiffs filed the instant Motion to Remand on June 22, 2009, asserting removal was improper because their Complaint states a claim against Colt cognizable under Missouri law. (Doc. No. 22).

**DISCUSSION**

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

Pursuant to 28 U.S.C. § 1332(a)(1), "[f]ederal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00,

exclusive of interest and costs." Manning, 304 F.Supp.2d at 1148. At present, this action lacks the requisite diversity, as both Plaintiffs and Defendant Colt are residents of Missouri. As stated above, however, Defendants maintain diversity jurisdiction nevertheless exists in this matter because Defendant Colt, the only non-diverse Defendant, was fraudulently joined. (Defendants' Notice of Removal, ¶ 11).

"When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." Moss v. Defender Serv., Inc., 2009 WL 90136 at *2 (E.D.Mo. Jan. 14, 2009), citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983); 28 U.S.C. § 1441(b). Under Eighth Circuit law, "[j]oinder is fraudulent and removal is proper if there is 'no reasonable basis in fact and law supporting a claim against the resident defendants.'" Ratermann v. Cellco Partnership, 2009 WL 1139232 at *5 (E.D.Mo. Apr. 28, 2009), quoting Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007). The burden of proof on the issue of fraudulent joinder rests with the removing party. Moeller v. Ford Motor Co., 2008 WL 161905 at *5 (E.D. Mo. Jan. 15, 2008), citing Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D. Mo. 1995).

The Eighth Circuit has enunciated the standards to apply in considering a claim of fraudulent joinder, as follows:

> Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." However, if there is a "colorable" cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder.

Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted). In making its prediction as to whether state law might impose liability upon the facts involved, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," and should not "step from the threshold jurisdictional issue into a decision on the merits." Moss, 2009 WL 90136 at *2 (internal quotations and citations omitted). See also Ratermann, 2009 WL 1139232 at *5 (citation omitted) ("The standard for determining fraudulent joinder is even more favorable than the standard for ruling a motion to dismiss under Rule 12(b)(6).").

Thus, in the instant case the issue is whether state law *might* impose liability on the non-diverse Defendant, Colt, under the facts alleged. In their Complaint, Plaintiffs make the following allegations regarding Defendant Colt:

> 25. Limited post judgment discovery permitted in Plaintiffs' 74.06 motion revealed 5 additional, previously undisclosed instances of PASS devices which failed to alarm while activated and which occurred prior to the death of Rob Morrison in May 2002. Specifically:....
> b. July 10, 2000, a PASS device was returned to Colt Safety who is a named defendant in this lawsuit Colt reported. The PASS device had no sound and the defendants replaced the circuit board and the PASS device tested "okay."
>
> 33. As noted in paragraph 25(b) Defendant Colt reported to defendant Sperian/Survivair, and which Sperian/Survivair acknowledged, an incident of the PASS failing to sound an audible alarm, which incident occurred prior to the death of Morrison and which report was not disclosed to Plaintiffs.
>
> 34. By virtue of its actual knowledge of PASS device failures to alarm, Colt would not have been entitled to invoke the innocent seller statute, RSMo. 537.762.
>
> 35. Immediately following conclusion of the Morrison trial, before settlement was approved and before the release, discharging Colt from any and all liability, was executed, Colt knowingly repeated to its customers the fraudulent trial assertions of defendant Sperian/Survivair, specifically: "Since its introduction in 1998, there has never been a single reported instance in which the Survivair PASS device did not sound its alert when it was supposed to alert."

>   36. Defendant Colt knew from its own warranty and repair experience with the PASS device that it could fail to sound an audible alarm and that this statement was false.
>
>   37. Colt accepted the benefits of Sperian/Survivair's misrepresentations to Plaintiffs with the knowledge of the fraudulent intent of those misrepresentations and the knowledge of Sperian/Survivair's concealment from the Plaintiffs of reports of PASS device failures to alarm.

(Compl., ¶ 25(b) (citation omitted), 33-37). Plaintiffs continue to allege that Defendants' misrepresentations regarding the PASS devices' failure to alarm were material; that Plaintiffs did not know the falsity of the representations when they signed the settlement agreement; that Defendants intended that the Court, Plaintiffs, and Plaintiffs' counsel rely on the false representations; that Plaintiffs did rely on the false representations; that Plaintiffs' reliance thereon was reasonable; and that Plaintiffs were damaged thereby. (Id., ¶¶ 40-45).

Upon consideration, the Court finds that with these allegations, Plaintiffs successfully assert a cause of action against Defendant Colt, such that Missouri state law might impose liability upon said Defendant under the facts involved. Specifically, the Court notes that under Missouri law, "'one who accepts the fruits of fraud with knowledge of the misrepresentations or concealment by which they were obtained will be held liable therefor, even though he did not personally participate in the fraud.'" Pelster v. Ray, 987 F.2d 514, 523 (8th Cir. 1993), quoting Walters v. Maloney, 758 S.W.2d 489, 500 (Mo. App. 1988). Here, Plaintiffs allege Defendant Colt accepted the fruits of Sperian/Survivair's fraud, i.e., the settlement and broad-based release, with knowledge of at least some of the fraudulent misrepresentations with which they were obtained. Plaintiffs thus have asserted a colorable claim against Defendant Colt under Missouri law, and so Colt's joinder is not fraudulent. Moss, 2009 WL 90136 at *3. This Court therefore lacks subject matter jurisdiction, because complete diversity of citizenship does not exist. Anderson v. Ames True Temper, Inc., 2008 WL 697586 at *3 (E.D.Mo. Mar. 13, 2008), citing 28 U.S.C. § 1332(a).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c) (Doc. No. 22) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.  An appropriate Order of Remand will accompany this Order.


Dated this 28th  day of July, 2009.


        /s/ Jean C. Hamilton
        UNITED STATES DISTRICT JUDGE